UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RECEIPT # 56152
AMOUNT $ 150
SUMMONS ISSUED ___
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. ___
DATE 5-24-04

2004 MAY 21 P 4:06

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| RENAISSANCE WORLDWIDE, INC. ) | |
| ) | |
| Plaintiff, ) | Civil Action No. _____ |
| ) | |
| v. ) | Superior Court |
| ) | Middlesex County, Massachusetts |
| CEDAR ENTERPRISE SOLUTIONS, INC. ) | Case No. 04-1449 |
| ) | |
| Defendant. ) | |
| ) | |

04-11047 PBS

MAGISTRATE JUDGE Bowler

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), defendant Cedar Enterprise Solutions, Inc. ("CESI"), through undersigned counsel, hereby gives notice of removal of the above-titled action from the Superior Court of Middlesex County, Massachusetts, to this Court and in support thereof states:

1. The Complaint in this action was first received by CESI on May 3, 2004. This Notice is filed within thirty days of CESI's receipt of the initial pleading setting forth Plaintiff Renaissance Worldwide, Inc.'s ("Renaissance") claims for relief, and, therefore, is timely. 28 U.S.C. § 1446(b).

2. A copy of the Complaint, Summons, and Civil Action Cover Sheet are attached hereto as Exhibit A. 28 U.S.C. § 1446(a) No other process, pleadings or papers have been received by CESI.

3. Plaintiff Renaissance is a corporation organized under the laws of the Commonwealth of Massachusetts and has its principal place of business in Massachusetts. (See Compl. ¶ 1.)

4. Defendant CESI is a corporation organized under the laws of the State of Maryland and has its principal place of business in Maryland. Although the Complaint alleges that CESI has a "usual place of business" in Massachusetts, the small office located in the Commonwealth of Massachusetts is not CESI's principal place of business.

5. The Complaint alleges an amount in controversy of $2,812,486.77, exclusive of interest and costs.

6. Because the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

7. Because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and the defendant is not a resident of Massachusetts, this case is removable pursuant to 28 U.S.C. 1441(a).

8. Pursuant to 28 U.S.C. § 1446(d), CESI will give written notice to Renaissance that the above-titled action has been removed to this Court and will file a copy of this Notice of Removal with the Clerk of the Superior Court of Middlesex County, Massachusetts.

WHEREFORE, CESI hereby gives notice that the above-titled action now pending against it in the Superior Court of Middlesex County, Massachusetts, is hereby removed therefrom to this Court.

DATED:    May 21, 2004

CEDAR ENTERPRISE SOLUTIONS, INC.
By its Attorneys,

Dustin F. Hecker, Esq., BBO# 549171
POSTERNAK BLANKSTEIN & LUND, LLP
The Prudential Tower
800 Boylston Street
Boston, MA 02199
(617) 973-6131

Of Counsel:

Deborah B. Baum
Matthew A. Anzaldi
Grace Shie
SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037-1128
(202) 663-8000 (tel.)
(202) 663-8007 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of May, 2004, the foregoing "Notice of Removal" was served by first class mail, postage prepaid, on Lewis J. Cohn, Esq., Cohn & Dussi, LLC, 25 Burlington Mall Road, 6th Floor, Burlington, MA 01803.

Dustin F. Hecker, Esq.