UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RENAISSANCE WORLDWIDE, INC.<br><br>Plaintiff,<br><br>v.<br><br>CEDAR ENTERPRISE SOLUTIONS, INC.<br><br>Defendant.<br><br>CEDAR ENTERPRISE SOLUTIONS, INC.<br><br>and<br><br>CEDAR USA HOLDINGS, INC.<br><br>Counterclaim Plaintiffs<br><br>v.<br><br>RENAISSANCE WORLDWIDE, INC.<br><br>Counterclaim Defendant. | Civil Action No. 04-11047 PBS |

## ANSWER AND COUNTERCLAIMS

Defendant Cedar Enterprise Solutions, Inc. ("CESI"), by its undersigned counsel, as and for its Answer to the Complaint of Plaintiff Renaissance Worldwide, Inc. ("Renaissance"), answers as follows:

1. CESI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. CESI denies the allegations of Paragraph 2 of the Complaint, except to admit that it is the successor-in-interest of The Hunter Group, Inc., the lessee for space at 25 Burlington Mall Road, Burlington, Massachusetts.

3. CESI denies the allegations of Paragraph 3 of the Complaint, except to admit that a copy of the Stock Purchase Agreement (not including all schedules and exhibits) is annexed as Exhibit A to the Complaint, the terms of which speak for themselves.

4. CESI denies the allegations of Paragraph 4 of the Complaint, except to admit that The Hunter Group, Inc. entered into a Transition Services Contract and that a copy of the Transition Services Contract is annexed as Exhibit B to the Complaint, the terms of which speak for themselves.

5. CESI hereby incorporates by reference its responses to the allegations of Paragraphs 1 through 4 of the Complaint, as if set forth fully herein.

6. CESI denies the allegations of Paragraph 6 of the Complaint.

7. CESI denies the allegations of Paragraph 7 of the Complaint.

8. CESI hereby incorporates by reference its responses to the allegations of Paragraphs 1 through 7 of the Complaint, as if set forth fully herein.

9. CESI denies the allegations of Paragraph 9 of the Complaint. CESI specifically denies that there is any Exhibit C annexed to the Complaint.

No response is required to the allegations contained in the Prayer for Relief. To the extent that a response is required, CESI denies that any relief sought by Plaintiff is warranted or appropriate, sustainable in fact, or available at law.

### FIRST DEFENSE

The Complaint fails to state any claim upon which relief can be granted.

### SECOND DEFENSE

The Complaint is barred by Plaintiff's breaches of contract

### THIRD DEFENSE

The Complaint is barred by the doctrine of set-off.

### FOURTH DEFENSE

The Complaint is barred by the doctrines of waiver and estoppel.

### FIFTH DEFENSE

Renaissance failed to mitigate its damages, if any.

### SIXTH DEFENSE

CESI reserves the right to include additional defenses to the Complaint as discovery progresses.

## COUNTERCLAIMS

CESI and Cedar USA Holdings, Inc. ("Cedar USA") counterclaim against Renaissance and allege as follows:

### PARTIES, JURISDICTION AND VENUE

10. On information and belief, Renaissance is a corporation organized under the laws of the Commonwealth of Massachusetts and has its principal place of business in Massachusetts.

11. CESI is a corporation organized under the laws of the State of Maryland and has its principal place of business in Maryland.

12. Cedar USA is a corporation organized under the laws of the State of Delaware and has its principal place of business in Maryland.

13. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) based on the diverse citizenship of the parties, and the amount in controversy, which exceeds $75,000 exclusive of interest and costs.  This Court also has jurisdiction pursuant to 28 U.S.C. § 1367 and the principles of ancillary and pendent jurisdiction relating to counterclaims.

14. Venue is appropriate pursuant to 28 U.S.C. § 1391(a) because, on information and belief, Renaissance resides in this judicial district.

### FACTS COMMON TO
### ALL CLAIMS FOR RELIEF

**The Stock Purchase Agreement**

15. Renaissance and Cedar USA entered into a Stock Purchase Agreement, dated September 20, 2000.

16. Pursuant to the Stock Purchase Agreement, Cedar USA purchased from Renaissance all outstanding shares of The Hunter Group, Inc. ("Hunter"), a corporation organized under the laws of the State of Maryland.  The stated purchase price for Hunter was approximately $71.4 million.

17. Renaissance made various representations, warranties, covenants and promises in the Stock Purchase Agreement.  Among them, Renaissance represented and warranted that all taxes due from Hunter prior to closing on the Stock Purchase Agreement had been paid and that there was no outstanding dispute or claim concerning any tax.  Renaissance also separately agreed to reimburse Cedar USA promptly for any tax due from and attributable to Hunter for the period through the date of Closing.

18. Renaissance further agreed to indemnify Cedar USA and its affiliates for all losses after closing resulting from Renaissance's breaches or non-performance, including those relating to taxes.

**The Transition Services Contract**

19. On October 20, 2000, Renaissance and Hunter entered into a Transition Services Contract.

20. Pursuant to the Transition Services Contract, Renaissance and Hunter agreed to continue to provide each other various services after the consummation of the Stock Purchase Agreement.

21. In Statement of Work II to the Transition Services Contract, Renaissance agreed to continue to make office space available to Hunter in three specified properties located in Atlanta,

Georgia, Chicago, Illinois, and New York, New York. These three properties also were identified in Schedule 2.23 of the Stock Purchase Agreement. Hunter agreed to make monthly payments to Renaissance for the office space.

**Renaissance's Breaches**

22. After consummation of the Stock Purchase Agreement, Hunter changed its name to CESI.

23. In and around the late summer and early fall of 2001, CESI was barred from accessing the leased office space in New York. When CESI contacted Renaissance (including but not limited to its former officer Joseph Fargnoli) for assistance, it was directed to stay out of the office space. Renaissance later seized equipment belonging to CESI and terminated the lease. As a result of Renaissance's actions, CESI was forced to vacate the New York office space on or around September 2001. On information and belief, Renaissance had failed to secure tenancy rights for Hunter (and subsequently CESI) under Renaissance's prime lease with the building owner.

24. In 2001, Renaissance wrongfully and unreasonably withheld its consent to CESI's subletting the office space in Chicago. Later, in and around October 2001, although CESI had consistently paid the rent for the space in Chicago, Renaissance terminated the lease and evicted CESI from the office space in Chicago. On information and belief, Renaissance had failed to secure tenancy rights for Hunter (and subsequently CESI) under Renaissance's prime lease with the building owner.

25. In and around December 2002, the building owner of the office space in Atlanta informed CESI that it had no legal right to occupy the office space. The building owner accordingly refused to recognize CESI as a tenant and denied CESI the basic rights and privileges of tenancy. On information and belief, Renaissance failed to secure tenancy rights for Hunter (and subsequently CESI) under Renaissance's prime lease with the building owner. As a result, CESI was forced to vacate the Atlanta office space in March 2003 and was not covered by insurance for certain losses suffered during its occupancy of the Atlanta office space because it was not afforded tenancy rights for the space. Furthermore, notwithstanding its breaches, Renaissance attempted to prevent CESI from vacating the Atlanta office space and removing its property.

26. Cedar USA and CESI incurred additional losses and liabilities as a result of Renaissance's breaches of its representations, warranties, covenants, and promises. CESI, for example, was forced to pay multiple tax liabilities of Hunter that were due for periods before the closing of the Stock Purchase Agreement. Renaissance refused to reimburse and indemnify Cedar USA and CESI for those tax liabilities as required under the Stock Purchase Agreement.

## COUNT I
**(Breach of Stock Purchase Agreement)**

27. CESI and Cedar USA hereby incorporate by reference paragraphs 10 through 26, as if set forth fully herein.

28. Cedar USA and Renaissance entered into the Stock Purchase Agreement.

29. Cedar USA performed its obligations under the Stock Purchase Agreement.

30. Renaissance breached its obligations under the Stock Purchase Agreement relating to reimbursement of taxes and indemnification.

31. Cedar USA and CESI were damaged thereby, in an amount to be determined at trial.

## COUNT II
### (Breach of Transition Services Contract)

32. CESI and Cedar USA hereby incorporate by reference paragraphs 10 through 31, as if set forth fully herein.

33. CESI (formerly Hunter) and Renaissance entered into the Transition Services Contract.

34. CESI performed its obligations under the Transition Services Contract.

35. Renaissance breached its obligations under the Transition Services Contract, including those relating to office space leases.

36. CESI was damaged thereby, in an amount to be determined at trial.

## COUNT III
### (Declaratory Judgment, Transition Services Contract)

37. CESI and Cedar USA hereby incorporate by reference paragraphs 1 through 36, as if set forth fully herein.

38. There is an actual, concrete, and substantial dispute between CESI and Renaissance as to whether CESI is liable to Renaissance for breach of the Transition Services Contract. Renaissance contends that CESI breached the Transition Services Contract. CESI contends that it did not breach.

39. The declaratory relief that CESI seeks will settle the controversy between the parties.

## COUNT IV
### (Violations of Mass. G.L. Chapter 93A)

40. CESI and Cedar USA hereby incorporate by reference paragraphs 10 through 39, as if set forth fully herein.

41. CESI, Cedar USA, and Renaissance are "persons" and engage in "trade or commerce" within the meaning of Mass. G.L. c. 93A § 1.

42. The above-described conduct of Renaissance is unfair and deceptive within the meaning of Sections 2 and 11 of Mass. G.L. c. 93A. In addition, Renaissance intentionally engaged in an unfair and deceptive pattern, inter alia, of efforts to avoid its contractual obligation to provide office space, while at the same time demanding payment from CESI and Cedar for office space from which Renaissance had evicted CESI and for which, prior to the eviction, CESI had consistently paid rent. Renaissance's collection efforts were both harassing and invasive.

43. CESI and Cedar USA were damaged by the unfair and deceptive conduct of Renaissance, in an amount to be determined at trial, which amount should be doubled or trebled, and CEDI and Cedar USA should be awarded their costs and expenses, including attorneys' fees, pursuant to G.L. c. 93A.

### PRAYER FOR RELIEF

WHEREFORE, Cedar USA and CESI respectfully request that this Court:

A.   Declare that CESI has not breached the Transition Services Contract;

B.   Enter a judgment in favor of Cedar USA and CESI and against Renaissance;

  C. Award Cedar USA and CESI compensatory damages for Renaissance's breaches of the Stock Purchase Agreement and Transition Services Contract, in an amount to be determined at trial;

  D. Award Cedar USA and CESI damages, doubled or trebled, under Mass. G.L. c. 93A;

  E. Award Cedar USA and CESI their costs and expenses and attorneys' fees as prevailing parties, as set forth in the Stock Purchase Agreement and under Mass. G.L. c. 93A;

  F. Award Cedar USA and CESI interest on all amounts; and

  G. Award such other and further relief as this Court may deem just and proper.

DATED: May 28, 2004  CEDAR ENTERPRISE SOLUTIONS, INC.
           and CEDAR USA HOLDINGS, INC.
           By their attorneys,

           s/Dustin F. Hecker

           Dustin F. Hecker, BBO# 549171
           POSTERNAK BLANKSTEIN & LUND LLP
           The Prudential Tower
           800 Boylston Street
           Boston, Massachusetts  02199-8004
           (617) 973-6131 (tel.)
           (617) 722-4927 (fax)

Of Counsel:

Deborah B. Baum
Matthew A. Anzaldi
Grace Shie
SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037-1128
(202) 663-8000 (tel.)
(202) 663-8007 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of May, 2004, the foregoing "Answer and Counter-claims" was served by first class mail, postage prepaid, on the following counsel of record:

Lewis J. Cohn, Esq.
Michael H. Theodore, Esq.
25 Burlington Mall Road, 6th Floor
Burlington, Massachusetts 01803
*Counsel for Renaissance Worldwide, Inc.*

s/Dustin F. Hecker
_____
Dustin F. Hecker