UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERK'S OFFICE

2004 JUN 10  A 11: 19

U.S. DISTRICT COURT
DISTRICT OF MASS.

```
*******************************************
                                          *
RENAISSANCE WORLDWIDE, INC.               *
            Plaintiff                     *
                                          *  Civil Action No. 04-CV-11047 PBS
VS.                                       *
                                          *
CEDAR ENTERPRISE SOLUTIONS, INC.          *
f/k/a THE HUNTER GROUP, INC.              *
            Defendant                     *
*******************************************
                                          *
CEDAR ENTERPRISE SOLUTIONS, INC.          *
                                          *
and                                       *
                                          *
CEDAR USA HOLDINGS, INC.                  *
            Counterclaim Plaintiffs       *
                                          *
VS.                                       *
                                          *
                                          *
RENAISSANCE WORLDWIDE, INC.               *
            Counterclaim Defendant        *
                                          *
*******************************************
```

## PLAINTIFF'S REPLY TO COUNTERCLAIMS

Now comes the Plaintiff, and Defendant-in-Counterclaim, Renaissance Worldwide, Inc. ("Renaissance"), and hereby submits its Reply to the Counterclaims of the asserted Counterclaim Plaintiffs, Cedar Enterprise Solutions, Inc. and Cedar Holdings, Inc., as follows:

1.  Renaissance admits the allegations in Paragraph 10 of the Counterclaims.

2.  Renaissance is without sufficient information to either admit or deny the allegations in Paragraph 11 of the Counterclaims, and therefore, denies same.

3. Renaissance is without sufficient information to either admit or deny the allegations in Paragraph 12 of the Counterclaims, and therefore, denies same.

4. Renaissance is without sufficient information to either admit or deny the allegations in Paragraph 13 of the Counterclaims, and therefore, denies same.

5. Renaissance is without sufficient information to either admit or deny the allegations in Paragraph 14 of the Counterclaims, and therefore, denies same.

6. Renaissance admits the allegations in Paragraph 15 of the Counterclaims.

7. Renaissance is without sufficient information to either admit or deny the allegations in Paragraph 16 of the Counterclaims, and therefore, denies same.

8. Renaissance is without sufficient information to either admit or deny the allegations in Paragraph 17 of the Counterclaims, and therefore, denies same.

9. Renaissance is without sufficient information to either admit or deny the allegations in Paragraph 18 of the Counterclaims, and therefore, denies same.

10. Renaissance admits the allegations in Paragraph 19 of the Counterclaims.

11. Renaissance is without sufficient information to either admit or deny the allegations in Paragraph 20 of the Counterclaims, and therefore, denies same.

12. Renaissance is without sufficient information to either admit or deny the allegations in Paragraph 21 of the Counterclaims, and therefore, denies same.

13. Renaissance admits the allegations in Paragraph 22 of the Counterclaims.

14. Renaissance denies the allegations in Paragraph 23 of the Counterclaims.

15. Renaissance denies the allegations in Paragraph 24 of the Counterclaims.

16. Renaissance denies the allegations in Paragraph 25 of the Counterclaims.

17. Renaissance denies the allegations in Paragraph 26 of the Counterclaims.

18. Renaissance incorporates by reference paragraphs 1 through 17 of its Reply, as if fully set forth herein.

19. Renaissance admits the allegations in Paragraph 28 of the Counterclaims.

20. Renaissance denies the allegations in Paragraph 29 of the Counterclaims.

21. Renaissance denies the allegations in Paragraph 30 of the Counterclaims.

22. Renaissance denies the allegations in Paragraph 31 of the Counterclaims.

23. Renaissance incorporates by reference paragraphs 1 through 22 of its Reply, as if fully set forth herein.

24. Renaissance admits the allegations in Paragraph 33 of the Counterclaims.

25. Renaissance denies the allegations in Paragraph 34 of the Counterclaims.

26. Renaissance denies the allegations in Paragraph 35 of the Counterclaims.

27. Renaissance denies the allegations in Paragraph 36 of the Counterclaims.

28. Renaissance incorporates by reference paragraphs 1 through 27 of its Reply, as if fully set forth herein.

29. Renaissance denies the allegations in Paragraph 38 of the Counterclaims.

30. Renaissance denies the allegations in Paragraph 39 of the Counterclaims.

31. Renaissance incorporates by reference paragraphs 1 through 30 of its Reply, as if fully set forth herein.

32. Renaissance is without sufficient information to either admit or deny the allegations in Paragraph 41 of the Counterclaims, and therefore, denies same.

33. Renaissance denies the allegations in Paragraph 42 of the Counterclaims.

34. Renaissance denies the allegations in Paragraph 43 of the Counterclaims.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Counterclaims fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiffs-in-Counterclaim have breached the terms and conditions of their agreements with Renaissance, and therefore, can recover nothing.

### THIRD AFFIRMATIVE DEFENSE

By their own actions, conduct and agreements, the Plaintiffs-in-Counterclaim have waived any claims they may have against Renaissance.

### FOURTH AFFIRMATIVE DEFENSE

By their own actions, conduct and agreements, the Plaintiffs-in-Counterclaim are estopped from asserting any claims against Renaissance.

### FIFTH AFFIRMATIVE DEFENSE

The claims of the Plaintiffs-in-Counterclaim are barred by their unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

To the extent that Renaissance owed any obligations to the Plaintiffs-in-Counterclaim, such obligations have been fully, completely and properly performed by Renaissance in every respect.

### SEVENTH AFFIRMATIVE DEFENSE

Any damages sustained by the Plaintiffs-in-Counterclaim were caused solely by a third-party, and not Renaissance.

### EIGHTH AFFIRMATIVE DEFENSE

The Plaintiffs-in-Counterclaim have not set forth any recoverable damages which

occurred as a result of any acts or omissions of Renaissance.

### NINTH AFFIRMATIVE DEFENSE

The Plaintiffs-in-Counterclaim have failed to satisfy any and all conditions precedent to prevail on a claim pursuant to M.G.L. c. 93A.

WHEREFORE, Renaissance Worldwide, Inc., respectfully requests that this Honorable Court dismiss the Counterclaims, to award Renaissance its costs, and to enter judgment for Renaissance in the amount plead in its Complaint.

                                                  RENAISSANCE WORLDWIDE, INC.

                                                  By its attorneys,
Cohn & Dussi, LLC,

*/s/ Michael*

Lewis J. Cohn, Esq. BBO#553803
Michael H. Theodore, Esq. BBO#565098
25 Burlington Mall Road, 6th Floor
Burlington, MA 01803
(781) 494-0200

## CERTIFICATE OF SERVICE

I, Michael H. Theodore, hereby certify that on this 9th day of June, 2004, I served by first class mail, postage pre-paid, the foregoing Reply upon:

Dustin Hecker, Esq.
POSTERNAK BLANKSTEIN & LUND LLP
The Prudential Tower
800 Boylston Street
Boston, MA 02199

_/s/ Michael H. Theodore_
Michael H. Theodore