IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(Boston Division)

| | |
|---|---|
| RENAISSANCE WORLDWIDE, INC.<br><br>Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>CEDAR ENTERPRISE SOLUTIONS, INC.<br><br>Defendant/Counterclaim Plaintiff,<br><br>and<br><br>CEDAR USA HOLDINGS, INC.<br><br>Counterclaim Plaintiff. | Civil Action No.  04-CV-11047 PBS |

**DEFENDANT AND COUNTERCLAIM PLAINTIFFS'
MOTION TO COMPEL AND EXTEND
DEADLINE FOR THEIR MEDIATION SUBMISSION**

Defendant/Counterclaim Plaintiff Cedar Enterprise Solutions, Inc. ("CESI") and Counterclaim Plaintiff Cedar USA Holdings, Inc. ("Cedar USA"), by their undersigned counsel, respectfully submit this memorandum in support of their motion for an order compelling Plaintiff/Counterclaim Defendant Renaissance Worldwide, Inc. ("Renaissance") to produce documents by October 29, 2004, and to extend the deadline for the mediation submissions of CESI and Cedar USA to November 2, 2004.

The grounds for the motion are the following:

1.  Mediation in this case currently is scheduled for November 3, 2004, before Judge Dein.  Mediation submissions are due on October 27, 2004.

2.    Following the Court's August 9, 2004 order referring this case to mediation, the parties began discussions concerning the timing and location of the mediation. Because they were hopeful that mediation, if successful, would avoid the expense of litigation, CESI and Cedar USA indicated that they strongly preferred to postpone all discovery until after mediation. Renaissance, however, insisted that the parties respond to the outstanding written discovery and exchange responsive documents by September 30, 2004, to allow the parties to better evaluate the merits of the case before mediation. CESI and Cedar USA ultimately agreed to the request.

3.    To meet the agreed discovery deadline, CESI and Cedar USA promptly and diligently gathered voluminous documents responsive to Renaissance's requests. They searched the current and archived paper and electronic files of current and former employees who were involved in the transaction and events that are the subject of Renaissance's complaint and Cedar USA's counterclaim. After weeks of effort, CESI and Cedar USA served on counsel for Renaissance the written responses to discovery and over 4,000 pages of documents on the September 30, 2004 deadline.

4.    Renaissance, despite its insistence that the parties respond to discovery before mediation, made virtually no effort to meet its obligation to produce documents. (See Renaissance's Responses to Requests for Production, annexed hereto as Exhibit A.) It essentially produced only the basic background documents (e.g., leases and agreements related to the sale of CESI to Cedar USA) that undoubtedly were provided to counsel months ago in order to initiate the litigation. Beyond these obvious documents, Renaissance's production was superficial. Renaissance produced nothing from the paper or electronic files of its employees. Renaissance even failed to produce many, if not most,

of the documents it identified in its Rule 26(a) disclosures. It produced no internal communications whatsoever. Indeed, the only letters it produced were two letters between the parties regarding Renaissance's demands for payment, which of course counsel has already seen, and one two-sentence letter to the owner of property in Atlanta, Georgia.

5. CESI and Cedar USA have been sandbagged. Renaissance insisted on discovery before mediation. CESI and Cedar USA, having made full disclosure to Renaissance but receiving no disclosure in return, are now faced with operating at an across-the-board information disadvantage in the mediation. Accordingly, immediately after receiving and reviewing Renaissance's paltry production, counsel for CESI and Cedar USA, by letter dated October 5, 2004, requested that Renaissance comply with its discovery obligations, search all files (paper and electronic), and supplement its production in time for the mediation. (Letter dated Oct. 5, 2004, annexed hereto as Exhibit B.) Counsel further asked that Renaissance confirm by October 7, 2004 that it would meet this extended deadline so that Cedar would not have to file a motion to compel.

6. In response, Renaissance readily admitted that it had not completed its search for documents – a remarkable admission given it was Renaissance that insisted on discovery before mediation. (Letter dated Oct. 6, 2004, annexed hereto as Exhibit C.) Renaissance "recognize[d] its obligation to supplement its discovery responses" and stated that it was "continuing to review for production additional records." Renaissance did not state whether it would produce documents in time for the mediation.

7. Renaissance again affirmed the inadequacy of its document production in a letter dated October 13, 2004. It stated that it was "endeavoring to produce the remaining documents as quickly as possible." (Letter dated October 13, 2004, annexed hereto

3

as Exhibit D.)  For the first time, Renaissance stated that it required an additional thirty days to complete its discovery obligations, well past the scheduled mediation date.  It also recommended continuing mediation for a later date.

8.  CESI and Cedar USA very much believe that an early mediation is in all parties' (and the Court's) interests and therefore strongly oppose delaying the mediation.  At the same time, CESI and Cedar USA require full document discovery from Renaissance before the mediation.  Otherwise, they simply will not have the information that is necessary to ensure that mediation, at this stage in the case, has a realistic chance of succeeding.  Accordingly, CESI and Cedar USA request that the Court order Renaissance to complete its document production by October 29, 2004 – which is a month after the September 30, 2004 deadline and five days before the mediation will occur.  In that way, the mediation can still take place, as scheduled, with each party knowing that it has sufficient information about the case to try to reach a settlement.

9.  The mediation was intended to avoid full-blown litigation, if possible.  A delay in mediation – which probably could not be rescheduled until early 2005 – would require the parties either (a) to engage in full discovery to meet the January 10, 2005 before they mediated, or (b) to postpone further discovery and continue all scheduled case deadlines, including the deadline for fact discovery.  These expensive and inefficient outcomes should be avoided.

10.  To permit them to review the documents and identify important ones to the mediator, CESI and Cedar USA also request an extension of the deadline for their mediation submission to November 2, 2004.

WHEREFORE, CESI and Cedar USA respectfully request that this Court enter an Order compelling Renaissance to complete its document production by October 29, 2004, and extending the deadline for CESI and Cedar USA's mediation submission to November 2, 2004.

DATED:   October 19, 2004          CEDAR ENTERPRISE SOLUTIONS, INC.
                                   and CEDAR USA HOLDINGS, INC.
                                   By Counsel


                                   s/Dustin F. Hecker
                                   Dustin F. Hecker
                                   POSTERNAK BLANKSTEIN
                                   & LUND LLP
                                   The Prudential Tower
                                   800 Boylston Street
                                   Boston, Massachusetts  02199-8004
                                   (617) 973-6131 (tel.)
                                   (617) 722-4927 (fax)

                                   Deborah B. Baum
                                   Matthew A. Anzaldi
                                   SHAW PITTMAN LLP
                                   2300 N Street, N.W.
                                   Washington, D.C. 20037-1128
                                   (202) 663-8000 (tel.)
                                   (202) 663-8007 (fax)

                                   Counsel for CESI and Cedar USA

6

## LOCAL RULES 7.1 AND 37.1 CERTIFICATION

      I hereby certify that, after good faith efforts, the parties were unable to narrow the areas of disagreement described in this motion.


                                        s/Matthew Anzaldi

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of October 2004, the foregoing Defendant and Counterclaim Plaintiffs' Motion to Compel and Extend the Deadline for Their Mediation Submission was served by facsimile and first class mail on the following counsel of record:

Lewis J. Cohn, Esq.
Michael H. Theodore, Esq.
25 Burlington Mall Road, 6th Floor
Burlington, Massachusetts 01803
*Counsel for Renaissance Worldwide, Inc.*

s/Dustin F. Hecker