## DISTRICT OF MASSACHUSETTS

```
**************************************************
                                                 *
RENAISSANCE WORLDWIDE, INC.                      *
                Plaintiff                        *
                                                 *
                                                 *
        v.                                       *
                                                 *
CEDAR ENTERPRISE SOLUTIONS, INC.                 *
f/k/a THE HUNTER GROUP, INC. and                 *
CEDAR USA HOLDINGS, INC.                         *
                Defendants                       *
                                                 *
                                                 *    C.A. NO. 04-CV-11047
**************************************************
                                                 *
CEDAR ENTERPRISE SOLUTIONS, INC.                 *
                                                 *
        and                                      *
                                                 *
CEDAR USA HOLDINGS                               *
        Counterclaim Plaintiffs                  *
                                                 *
        v.                                       *
                                                 *
RENAISSANCE WORLDWIDE, INC.                      *
        Counterclaim Defendant                   *
                                                 *
**************************************************
```

### PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST
### REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Fed. R. Civ. P. 34, the Plaintiff and Defendant-in-Counterclaim, Renaissance

Worldwide, Inc. ("Plaintiff") hereby responds to the First Request for Production of Documents

of Cedar Enterprise Solutions, Inc. ("CESI") and Cedar USA Holdings, Inc. ('CEDAR USA")

(collectively, the "Defendants") as follows:

### GENERAL OBJECTIONS

Plaintiff objects generally to each of Defendant's requests for production of documents to the extent that such requests are vague, over-broad, unduly burdensome, seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, are otherwise protected from disclosure under any applicable state or federal law, or that seek to impose obligations upon the Plaintiff which exceed those set forth in the Federal Rules of Civil Procedure. The Plaintiff incorporates by reference his general objection into each and every response as if fully set forth herein.

REQUEST NO. 1

The Transition Services Contract (including all drafts) and all exhibits, attachments, amendments or modifications thereto.

RESPONSE NO. 1

The Plaintiff objects to the extent this request seeks drafts on the grounds that such request is over-broad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Subject to such objection and without waiving same, the Plaintiff will produce the other documents responsive to this request.

REQUEST NO. 2

The Stock Purchase Agreement (including all drafts) and all exhibits, attachments, amendments or modifications thereto.

RESPONSE NO. 2

The Plaintiff objects to the extent this request seeks drafts on the grounds the request is over-broad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Subject to such objection and without waiving same, the Plaintiff will produce the other documents responsive to this request.

REQUEST NO. 3

All documents concerning communications regarding the office lease or equipment lease provisions of the Transition Service Contract.

RESPONSE NO. 3

The Plaintiff objects to this request in so far as it is vague, fails to describe each item with reasonable particularity, and may seek documents protected from disclosure by the attorney-client privilege or otherwise protected under applicable law. Subject to such objection and without waiving same, the Plaintiff will produce documents responsive to this request.

REQUEST NO. 4

All documents concerning communications regarding the tax or indemnification provisions of the Stock Purchase Agreement.

RESPONSE NO. 4

The Plaintiff objects to this request in so far as it is vague, fails to describe each item with reasonable particularity, and may seek documents protected from disclosure by the attorney-client privilege or otherwise protected under applicable law. The Plaintiff will produce documents responsive to this request.

REQUEST NO. 5

All leases (including but not limited to prime leases) relating to the office space occupied by CESI pursuant to the Transition Services Contract.

RESPONSE NO. 5

The Plaintiff will produce documents responsive to this request.

REQUEST NO. 6

All leases (including but not limited to prime leases) relating to the equipment allegedly

provided to CESI pursuant to the Transition Services Contract

RESPONSE NO. 6

The Plaintiff will produce documents responsive to this request.

REQUEST NO. 7

All documents concerning equipment Renaissance provided CESI pursuant to the Transition Services Contract, including but not limited to all documents evidencing which equipment, in fact, was provided,

RESPONSE NO. 7

The Plaintiff objects to this request in so far as it is vague, fails to describe each item with reasonable particularity, and may seek documents protected from disclosure by the attorney-client privilege or otherwise protected under applicable law. Without waiving such objection and subject thereto, the Plaintiff will produce documents responsive to this request.

REQUEST NO. 8

All documents concerning equipment CESI returned to Renaissance.

RESPONSE NO. 8

The Plaintiff objects to this request in so far as it is vague, fails to describe each item with reasonable particularity, and may seek documents protected from disclosure by the attorney-client privilege or otherwise protected under applicable law. Without waiving such objection and subject thereto, the Plaintiff will produce documents responsive to this request.

REQUEST NO. 9

All documents concerning payments requested from CESI or Cedar USA for equipment under the Transition Services Contract.

RESPONSE NO. 9

The Plaintiff objects to this request in so far as it is vague, fails to describe each item with reasonable particularity, and may seek documents protected from disclosure by the attorney-client privilege or otherwise protected under applicable law. Without waiving such objection and subject thereto, the Plaintiff will produce documents responsive to this request.

REQUEST NO. 10

All documents concerning payments made by CESI or Cedar USA for equipment under the Transition Services Contract,

RESPONSE NO. 10

The Plaintiff objects to this request in so far as it is vague, fails to describe each item with reasonable particularity, and may seek documents protected from disclosure by the attorney-client privilege or otherwise protected under applicable law. Without waiving such objection and subject thereto, the Plaintiff will produce documents responsive to this request.

REQUEST NO. 11

All documents concerning your allegation that CESI failed to pay for equipment under the Transition Services Contract.

RESPONSE NO. 11

The Plaintiff objects to this request in so far as it is vague, fails to describe each item with reasonable particularity, and may seek documents protected from disclosure by the attorney-client privilege or otherwise protected under applicable law. Without waiving such objection and subject thereto, the Plaintiff will produce documents responsive to this request.

REQUEST NO. 12

All documents concerning Renaissance's liability (if any) for equipment leased to CESI under the Transition Services Contract.

RESPONSE NO. 12

The Plaintiff objects to this request in so far as it is vague, fails to describe each item with reasonable particularity, and may seek documents protected from disclosure by the attorney-client privilege or otherwise protected under applicable law. Without waiving such objection and subject thereto, the Plaintiff will produce documents responsive to this request.

REQUEST NO. 13

All documents concerning payments requested from CESI or Cedar USA for office space leased under the Transition Services Contract.

RESPONSE NO. 13

The Plaintiff objects to this request in so far as it is vague, fails to describe each item with reasonable particularity, and may seek documents protected from disclosure by the attorney-client privilege or otherwise protected under applicable law. Without waiving such objection and subject thereto, the Plaintiff will produce documents responsive to this request.

REQUEST NO. 14

All documents concerning payments made by CESI or Cedar USA for office space leased under the Transition Services Contract.

RESPONSE NO. 14

The Plaintiff objects to this request in so far as it is vague, fails to describe each item with reasonable particularity, and may seek documents protected from disclosure by the attorney-client privilege or otherwise protected under applicable law. Without waiving such objection and subject thereto, the Plaintiff will produce documents responsive to this request.

REQUEST NO. 15

All documents concerning your allegation that CESI failed to make office lease

- payments.

RESPONSE NO. 15

The Plaintiff objects to this request in so far as it is vague, fails to describe each item with reasonable particularity, and may seek documents protected from disclosure by the attorney-client privilege or otherwise protected under applicable law. Without waiving such objection and subject thereto, the Plaintiff will produce documents responsive to this request.

REQUEST NO. 16

All documents concerning Renaissance's liability (if any) to an owner, landlord, or prime lessor for office space leased to CESI under the Transition Services Contract.

RESPONSE NO. 16

The Plaintiff objects to this request in so far as it is vague, fails to describe each item with reasonable particularity, and may seek documents protected from disclosure by the attorney-client privilege or otherwise protected under applicable law. Without waiving such objection and subject thereto, the Plaintiff will produce documents responsive to this request.

REQUEST NO. 17

All documents concerning CESI's inability to access the New York office space.

RESPONSE NO. 17

The Plaintiff objects to this request on the grounds that it is vague and states a conclusion of fact an/or law which may be in dispute. Without waiving such objection and subject thereto, the Plaintiff will produce documents responsive to this request, the Plaintiff will produce documents responsive to this request.

REQUEST NO. 18

All documents concerning CESI and the owner, landlord, or prime lessor of the New

York office space.

### RESPONSE NO. 18

The Plaintiff objects to this request in so far as it is vague, fails to describe each item with reasonable particularity, and may seek documents protected from disclosure by the attorney-client privilege or otherwise protected under applicable law. Without waiving such objection and subject thereto, the Plaintiff will produce documents responsive to this request.

### REQUEST NO. 19

All documents concerning communications regarding CESI and the landlord, owner, or prime lessor of the New York office space.

### RESPONSE NO. 19

The Plaintiff objects to this request in so far as it is vague, fails to describe each item with reasonable particularity, and may seek documents protected from disclosure by the attorney-client privilege or otherwise protected under applicable law. Without waiving such objection and subject thereto, the Plaintiff will produce documents responsive to this request.

### REQUEST NO. 20

All documents concerning the termination of CESI's lease for office space in New York.

### RESPONSE NO. 20

The Plaintiff objects to this request in so far as it is vague, fails to describe each item with reasonable particularity, and may seek documents protected from disclosure by the attorney-client privilege or otherwise protected under applicable law. Without waiving such objection and subject thereto, the Plaintiff will produce documents responsive to this request.

### REQUEST NO. 21

All documents concerning CESI vacating leased office space in New York.

RESPONSE NO. 21

The Plaintiff objects to this request in so far as it is vague, fails to describe each item with reasonable particularity, and may seek documents protected from disclosure by the attorney-client privilege or otherwise protected under applicable law. Without waiving such objection and subject thereto, the Plaintiff will produce documents responsive to this request.

REQUEST NO. 22

All documents concerning Renaissance's possession of equipment leased to CESI and located in the New York office space.

RESPONSE NO. 22

The Plaintiff objects to this request in so far as it is vague, fails to describe each item with reasonable particularity, and may seek documents protected from disclosure by the attorney-client privilege or otherwise protected under applicable law. Without waiving such objection and subject thereto, the Plaintiff will produce documents responsive to this request.

REQUEST NO. 23

All documents concerning CESI and the owner, landlord, or prime lessor of the Chicago office space.

RESPONSE NO. 23

The Plaintiff objects to this request in so far as it is vague, fails to describe each item with reasonable particularity, and may seek documents protected from disclosure by the attorney-client privilege or otherwise protected under applicable law. Without waiving such objection and subject thereto, the Plaintiff will produce documents responsive to this request.

REQUEST NO. 24

All documents concerning communications regarding CESI and the landlord, owner, or

prime lessor of the Chicago office space regarding CESI.

RESPONSE NO. 24

The Plaintiff objects to this request in so far as it is vague, fails to describe each item with reasonable particularity, and may seek documents protected from disclosure by the attorney-client privilege or otherwise protected under applicable law. Without waiving such objection and subject thereto, the Plaintiff will produce documents responsive to this request.

REQUEST NO. 25

All documents concerning the termination of CESI's lease for office space in Chicago.

RESPONSE NO. 25

The Plaintiff objects to this request in so far as it is vague, fails to describe each item with reasonable particularity, and may seek documents protected from disclosure by the attorney-client privilege or otherwise protected under applicable law. Without waiving such objection and subject thereto, the Plaintiff will produce documents responsive to this request.

REQUEST NO. 26

All documents concerning CESI vacating leased office space in Chicago.

RESPONSE NO. 26

The Plaintiff objects to this request in so far as it is vague, fails to describe each item with reasonable particularity, and may seek documents protected from disclosure by the attorney-client privilege or otherwise protected under applicable law. Without waiving such objection and subject thereto, the Plaintiff will produce documents responsive to this request.

REQUEST NO. 27

All documents concerning CESI's request to sublet leased office space in Chicago.

RESPONSE NO. 27

The Plaintiff objects to this request in so far as it is vague, fails to describe each item with reasonable particularity, and may seek documents protected from disclosure by the attorney-client privilege or otherwise protected under applicable law. Without waiving such objection and subject thereto, the Plaintiff will produce documents responsive to this request.

REQUEST NO. 28

All documents concerning CESI and the owner, landlord, or prime lessor of the Atlanta office space.

RESPONSE NO. 28

The Plaintiff objects to this request in so far as it is vague, fails to describe each item with reasonable particularity, and may seek documents protected from disclosure by the attorney-client privilege or otherwise protected under applicable law. Without waiving such objection and subject thereto, the Plaintiff will produce documents responsive to this request.

REQUEST NO. 29

All documents concerning communications regarding CESI and the owner, landlord, or prime lessor of the Atlanta office space.

RESPONSE NO. 29

The Plaintiff objects to this request in so far as it is vague, fails to describe each item with reasonable particularity, and may seek documents protected from disclosure by the attorney-client privilege or otherwise protected under applicable law. Without waiving such objection and subject thereto, the Plaintiff will produce documents responsive to this request.

REQUEST NO. 30

All documents concerning the termination of CESI's lease for office space in Atlanta.

RESPONSE NO. 30

The Plaintiff objects to this request in so far as it is vague, fails to describe each item with reasonable particularity, and may seek documents protected from disclosure by the attorney-client privilege or otherwise protected under applicable law. Without waiving such objection and subject thereto, the Plaintiff will produce documents responsive to this request.

REQUEST NO. 31

All documents concerning CESI vacating leased office space in Atlanta.

RESPONSE NO. 31

The Plaintiff objects to this request in so far as it is vague, fails to describe each item with reasonable particularity, and may seek documents protected from disclosure by the attorney-client privilege or otherwise protected under applicable law. Without waiving such objection and subject thereto, the Plaintiff will produce documents responsive to this request.

REQUEST NO. 32

All documents concerning the removal of CESI's equipment from the Atlanta office space.

RESPONSE NO. 32

The Plaintiff objects to this request in so far as it is vague, fails to describe each item with reasonable particularity, and may seek documents protected from disclosure by the attorney-client privilege or otherwise protected under applicable law. Without waiving such objection and subject thereto, the Plaintiff will produce documents responsive to this request.

REQUEST NO. 33

All documents concerning or supporting your claim for damages in this action. ·

RESPONSE NO. 33

The Plaintiff objects to this request in so far as it is vague, fails to describe each item

with reasonable particularity, and may seek documents protected from disclosure by the attorney-client privilege or otherwise protected under applicable law. Without waiving such objection and subject thereto, the Plaintiff will produce documents responsive to this request.

REQUEST NO. 34

All documents concerning your efforts (if any) to mitigate any damages allegedly caused by CESI.

RESPONSE NO. 34

The Plaintiff objects to this request in so far as it is vague, fails to describe each item with reasonable particularity, and may seek documents protected from disclosure by the attorney-client privilege or otherwise protected under applicable law. Without waiving such objection and subject thereto, the Plaintiff will produce documents responsive to this request.

REQUEST NO. 35

All documents identified or described in your response to any interrogatory served by CESI and Cedar USA.

RESPONSE NO. 35

The Plaintiff will produce documents responsive to this request

REQUEST NO. 36

The account identified as Exhibit C to the Complaint.

RESPONSE NO. 36

The Plaintiff has produced this document previously.

REQUEST NO. 37

All documents reviewed, examined by, relied upon, received from, given to, or prepared by or for any expert you intend to call at trial.

RESPONSE NO. 37

The Plaintiff has no documents yet responsive to this request

REQUEST NO. 38

All documents concerning requests for indemnification by CESI or Cedar USA under the Stock Purchase Agreement.

RESPONSE NO. 38

The Plaintiff objects to this request in so far as it is vague, fails to describe each item with reasonable particularity, and may seek documents protected from disclosure by the attorney-client privilege or otherwise protected under applicable law. Without waiving such objection and subject thereto, the Plaintiff will produce documents responsive to this request.

REQUEST NO. 39

All documents concerning tax liabilities due from and attributable to Hunter for any period prior to closing *of* the Stock Purchase Agreement that were outstanding at the time of closing of the Stock Purchase Agreement.

RESPONSE NO. 39

The Plaintiff objects to this request in so far as it is vague, fails to describe each item with reasonable particularity, and may seek documents protected from disclosure by the attorney-client privilege or otherwise protected under applicable law. Without waiving such objection and subject thereto, the Plaintiff will produce documents responsive to this request.

REQUEST NO. 40

All documents that support your affirmative defenses.

RESPONSE NO. 40

The Plaintiff will produce documents responsive to this request

RENAISSANCE WORLDWIDE, INC.
By its attorneys,

Lewis J. Cohn, Esquire, Esq. BBO# 553803
Michael H. Theodore, Esq. BBO# 565098
Cohn & Dussi LLC
25 Burlington Mall Road, 6th floor
Burlington, Massachusetts 01803
(781) 494-0200

Dated 9/30/04

## CERTIFICATE OF SERVICE

I, Michael H. Theodore, Esquire, hereby certify that on this _30th_ day of _September_, 2004, I served the **Plaintiff's Responses** to the Defendant's First Request for Production of Documents and **Documents Responsive** thereto, by hand delivery via messenger, upon defendants' local counsel of record:

# COHN & DUSSI, LLC

### ATTORNEYS AT LAW
25 BURLINGTON MALL ROAD, 6TH FLOOR
BURLINGTON, MASSACHUSETTS 01803-4158

JOHN J. DUSSI
LEWIS J. COHN ***

MICHAEL H. THEODORE
LISA B. DICKSTEIN
TRACY A. KISH

` ALSO ADMITTED IN DISTRICT OF COLUMBIA
** LL.M. TAXATION

TELEPHONE: 781-494-0200
FACSIMILE:  781-494-0208

www.cohnanddussi.com

---

## FACSIMILE COVER SHEET

**TO:**    Matt Anzaldi, Esquire      **FROM:**    Michael H. Theodore, Esquire

**FIRM:**

**CITY/STATE:**

**TELECOPIER NUMBER:**    202-663-8007

**DATE:**    **October 13, 2004**

---

**TOTAL NUMBER OF PAGES INCLUDING COVER SHEET:**

**NOTE: IF YOU HAVE A QUESTION OR PROBLEM REGARDING THIS TRANSMISSION, PLEASE CALL (781) 494-0200**

---

**ADDITIONAL REMARKS:**

### NOTICE OF CONFIDENTIALITY

Warning this telecopy is attorney-client privileged and contains confidential information intended only for the person(s) named above. Any other distribution, copying, or disclosure is strictly prohibited under applicable law and you are notified that the interception of this information is unlawful (18 U.S.C. §2510, specifically §2510 (12) as amended by the Electronic Communications Privacy Act of 1986). If you have received this telecopy in error, please notify us immediately by telephone and return the original transmission to us by mail without making a copy. Any use of the confidential content of this transmission is illegal.
The original of the transmitted documents will be sent by:

( )    Ordinary Mail      ( )    Messenger
( )    Overnight Mail      ( )    This will be the only form of delivery of the transmitted documents

# COHN & DUSSI, LLC

## ATTORNEYS AT LAW

25 BURLINGTON MALL ROAD, 6TH FLOOR
BURLINGTON, MASSACHUSETTS 01803-4158

JOHN J. DUSSI
LEWIS J. COHN *+

MICHAEL H. THEODORE
LISA B. DICKSTEIN
TRACY A. KISH

* ALSO ADMITTED IN DISTRICT OF COLUMBIA
+ LL.M. TAXATION

TELEPHONE: 781-494-0200
FACSIMILE: 781-494-0208

www.cohnanddussi.com

October 13, 2004

BY FAX 202-663-8007

Matthew A. Anzaldi, Esq.
Shaw Pittman LLP
2300 N. Street. N.W.
Washington, D.C. 20037-1128

RE: *Rennaisance Worldwide, Inc. vs Cedar*
      Our File Number: 20040486

Dear Mr. Anzaldi:

      In response to your letter of October 8, 2004, I recently sent you an e-mail acknowledging that six days after it was due, we received your client's disk containing its document production.

      As for your inquiry as to the status of the document production, Rennaisance requires an additional thirty days to complete its production of documents to Cedar. With any luck, the production could be completed a bit sooner. As I stated in my letter of October 6, 2004, Renaissance recognizes its obligation to supplement its discovery responses and to produce all documents in its possession, custody or control which are responsive to the document request, subject to the objections advanced thereto. In this regard, Renaissance is endeavoring to produce the remaining documents as quickly as possible in accordance with the resources and manpower available to it.

      Certainly, Renaissance is not deliberately withholding any documents from Cedar. Therefore, your filing a Motion to Compel the Production of Documents against Renaissance not only is without merit, but defeats the very mutual purpose of the mediation (to reach an amicable and cost-effective resolution to the litigation).

      Given Renaissance's delay in completing its document production, Cedar's delay in producing its documents to Rennaisance, the issue over the production of "confidential documents" and your client's Opposition to Renaissance's Motion to Amend Complaint, it would appear that a delay in the mediation is warranted. I would suggest that we reschedule the mediation for at least a 45 days. Please let me know you are in agreement.

      Lastly, I e-mailed you a proposed Confidentiality Agreement last Friday. Please contact me with your response to same.

Ltr Anzaldi
10-13-04
p.2

Thank you.

Very truly yours,

Michael H. Theodore

# COHN & DUSSI, LLC

## ATTORNEYS AT LAW

25 BURLINGTON MALL ROAD, 6™ FLOOR
BURLINGTON, MASSACHUSETTS 01803-4158

JOHN J. DUSSI
LEWIS J. COHN ***

MICHAEL H. THEODORE
LISA B. DICKSTEIN
TRACY A. KISH

TELEPHONE: 781-494-0200
FACSIMILE: 781-494-0208

www.cohnanddussi.com

* ALSO ADMITTED IN DISTRICT OF COLUMBIA.
** LL.M. TAXATION

---

## FACSIMILE COVER SHEET

**TO:**    Matthew A. Anzaldi, Esquire        **FROM:**    Michael H. Theodore, Esquire

**FIRM:**

**CITY/STATE:**

**TELECOPIER NUMBER:**    202-663-8007

**DATE:**    **October 6, 2004**

---

TOTAL NUMBER OF PAGES INCLUDING COVER SHEET:

NOTE: IF YOU HAVE A QUESTION OR PROBLEM REGARDING THIS TRANSMISSION, PLEASE CALL (781) 494-0200

---

ADDITIONAL REMARKS:

### NOTICE OF CONFIDENTIALITY

Warning this telecopy is attorney-client privileged and contains confidential information intended only for the person(s) named above. Any other distribution, copying, or disclosure is strictly prohibited under applicable law and you are notified that the interception of this information is unlawful (18 U.S.C. §2510, specifically §2510 (12) as amended by the Electronic Communications Privacy Act of 1986). If you have received this telecopy in error, please notify us immediately by telephone and return the original transmission to us by mail without making a copy. Any use of the confidential content of this transmission is illegal.
**The original of the transmitted documents will be sent by:**

( )    Ordinary Mail              ( )    Messenger
( )    Overnight Mail             ( )    This will be the only form of delivery of the transmitted documents

# COHN & DUSSI, LLC

### ATTORNEYS AT LAW
25 BURLINGTON MALL ROAD, 6TH FLOOR
BURLINGTON, MASSACHUSETTS 01803-4158

JOHN J. DUSSI
LEWIS J. COHN ***

MICHAEL H. THEODORE
LISA B. DICKSTEIN
TRACY A. KISH

* ALSO ADMITTED IN DISTRICT OF COLUMBIA
** LL.M. TAXATION

TELEPHONE: 781-494-0200
FACSIMILE:  781-494-0208

www.cohnanddussi.com

October 6, 2004

<u>BY FAX 202-663-8007</u>

Matthew A. Anzaldi, Esq.
Shaw Pittman LLP
2300 N. Street. N.W.
Washington, D.C. 20037-1128

RE:    <u>*Rennaisance Worldwide, Inc. vs Cedar*</u>
      Our File Number:  20040486

Dear Mr. Anzaldi:

      In response to your letter of October 5, 2004, in which you threaten to file a Motion to Compel the Production of Documents against Renaissance, let me first point out that as of this writing, Cedar has failed to deliver to Renaissance a single document (or any disk purporting to contain such documents), pursuant to Renaissance's discovery requests to Cedar, even though the parties mutually agreed to respond to discovery, including, implicitly, the production of such documents, by last Friday. Based on this understanding, we delivered a box of documents to Mr. Hecker last Friday. By our calculation, therefore, your client has had at least 6 days to review Renaissance's documents without the benefit of Renaissance reviewing a single document from Cedar. As a result, it is Cedar, and not Renaissance who has failed to act in "good faith" and is "sandbagging" Renaissance. Rest assured, Renaissance intends to file a Cross-Motion to Compel, including a motion to compel the production of documents for which your client claims protection on the basis of some sort of confidentiality.

      Second, your letter erroneously presumes that Renaissance had deliberately failed to turn over all responsive documents. On the contrary, Renaissance recognizes its obligation to supplement its discovery responses and to produce all documents in its possession, custody or control which are responsive to the document request, subject to the objections advanced thereto. Renaissance is continuing to review for production additional records, which I understand to be in electronic format. This process takes far more time and manpower than you may appreciate.

      Your client's failure to produce any records alone jeopardizes the November mediation. If necessary, I suggest that we put the mediation off for a short time to complete all discovery. In the interim, we will ascertain from our client how long it will take to complete its production of the remaining documents.

Anzaldi
10-6-04, p. 2

    Lastly, we will forward to you by the end of the week a simple, proposed draft of a
Confidentiality Agreement which we hope will resolve that issue.

    Thank you.

Very truly yours,

Michael H. Theodore



# ShawPittman LLP

*A Limited Liability Partnership Including Professional Corporations*

MATTHEW A. ANZALDI
(202) 663-8941
matthew.anzaldi@shawpittman.com

October 5, 2004

**By Facsimile and First Class Mail**

Michael H. Theodore, Esq.
Cohn & Dussi LLC
25 Burlington Mall Road, 6th Floor
Burlington, Massachusetts 01803

     Re:    **Renaissance Worldwide, Inc. v. Cedar Enterprise Solutions, Inc.**

Dear Michael:

This letter concerns Renaissance's document production, which falls far short of its obligation to produce documents responsive to the requests.

After reviewing the documents, it is obvious that Renaissance has not made even a minimal effort to search for responsive correspondence with CESI, Cedar, third parties, or within Renaissance. The only correspondence produced by Renaissance last week are two brief letters letters with Cedar, and one brief letter regarding lease termination. This selective production is unacceptable. Other paper and electronic correspondence exists. CESI and Cedar USA (collectively "Cedar"), in fact, produced several hundred pages of email correspondence, both internal and with Renaissance representatives. Renaissance must search all files (paper and electronic) within its possession, custody and control and produce all responsive communications.

Renaissance's production jeopardizes the parties' mediation efforts. At Renaissance's insistence, we agreed to delay the mediation until after the parties had responded to discovery rather than continuing discovery until after the mediation. Cedar provided full discovery, but, because Renaissance did not, Cedar is now faced with operating at a disadvantage in mediation. This it will not agree to do.

Cedar accordingly intends to file a motion to compel (on this and other discovery issues) if Renaissance does not agree by October 7, 2004 to supplement its document production with all responsive documents, including all responsive communications, both paper and electronic, by October 14, 2004. Cedar will ask the Court to delay the mediation until such time as Cedar has received a full and fair production of documents from

Washington, DC
Northern Virginia
New York
Los Angeles
London

2300 N Street, NW  Washington, DC 20037-1128    202.663.8000  Fax: 202.663.8007    *www.shawpittman.com*

# ShawPittman

Michael H. Theodore, Esq.
October 5, 2004
Page 2

Renaissance. At this point, Cedar believes it has operated in good faith and spent considerable resources responding to discovery, but that it has been sandbagged by Renaissance.

Sincerely,

Matthew A. Anzaldi

cc:    Dustin F. Hecker, Esq.

Document #: 1435311 v.1