UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*****************************************************
                                         *

**RENAISSANCE WORLDWIDE, INC.**      *
             **Plaintiff**             *
                                         *
                 v.                         *
                                         *

**CEDAR ENTERPRISE SOLUTIONS, INC.** *
**f/k/a THE HUNTER GROUP, INC.,**      *
**CEDAR USA HOLDINGS, INC. and**    *
**CEDAR GROUP, Plc**                    *
             **Defendants**          *
                                         *
                                         *   C.A. NO. 04-CV-11047
*****************************************************
                                         *

**CEDAR ENTERPRISE SOLUTIONS, INC.** *
                                         *
             **and**                   *
                                         *

**CEDAR USA HOLDINGS**              *
             **Counterclaim Plaintiffs** *
                                         *
                 v.                         *
                                         *

**RENAISSANCE WORLDWIDE, INC.**      *
      **Counterclaim Defendant**        *
                                         *
                                         *
*****************************************************

**OPPOSITION OF THE PLAINTIFF, RENAISSANCE WORLDWIDE, INC. TO DEFENDANT AND COUNTERCLAIM PLAINTIFFS' MOTION TO COMPEL AND EXTEND DEADLINE FOR THEIR MEDIATION SUBMISSION**

Pursuant to F.R.C.P. 37 and Rule 7.1 of the Local Rules of the United States District Court for the District of Massachusetts, the Plaintiff and Defendant-in Counterclaim, Renaissance Worldwide, Inc. ("Renaissance"), hereby submits this memorandum in Opposition

to the Motion of the Defendant and Counterclaim Plaintiffs to Compel and Extend Deadline for Their Mediation Submission. As grounds for its Opposition, Renaissance states as follows:

1. Renaissance objects to the characterization of the discovery process in paragraph 2 of the Motion to Compel. In the Motion, the Defendant essentially suggests that Renaissance forced the completion of discovery down its throat prior to mediation. On the contrary, both parties had served written discovery on each other well before this case was referred to mediation. When the Defendant suggested to Renaissance the possibility of staying discovery, it never informed Renaissance that more than 4,000 pages of documents were responsive to Renaissance's Document Request, or that at least the expense of producing such documents was prohibitive. Had Renaissance been made aware of this fact, it would have agreed, at a minimum, to limit the scope of production, if not stay the production of non-essential discovery,[1] until the mediation had concluded.

2. Renaissance further objects to the Defendant's statement that Renaissance "made virtually no effort to meet its obligations to produce documents". On the contrary, Renaissance has expended significant time, effort, manpower and expense compiling all documents responsive to the Defendant's First Request for Production of Documents. Toward that end, on September 30, 2004, Renaissance produced a box of documents to the Defendant containing copies of all the relevant lease agreements, contracts and ancillary documents which relate to this dispute.

3. Renaissance's efforts to produce any more documents to the Defendants have been hindered by the fact that Renaissance was acquired in December, 2001, by Aquent, a

---

[1] Renaissance maintains that the lease agreement and other operative contracts are essential discovery.

Massachusetts corporation doing business in Boston.[2] At the time of said acquisition, Renaissance was in financial turmoil, encountered major turnover in management and staffing, and its record keeping was in disarray. Further, at the time of Aquent's acquisition of Renaissance, Renaissance occupied some two hundred thousand square feet of office space in Waltham, Massachusetts. Aquent was required by the landlord of the office space to vacate the premises soon thereafter. However, numerous records of Renaissance still existed at the facility. Without any Renaissance personal to assist in the evaluation of the records on site, and with the deadline to vacate the premises looming, Aquent was compelled to return various equipment to certain leasing companies, and to purge and/or discard many of Renaissance's business records.

4. In light of the foregoing, and after diligent search of its records since the very commencement of this law suit, Aquent has been unable to locate any additional records of Renaissance to produce to the Defendants as part of discovery. Accordingly, since all records in the possession, custody or control of Renaissance related to this dispute have been produced, the Defendant's Motion to Compel is Moot.

5. As to the Defendants' request to extend the deadline to submit its confidential Mediation Statement, Renaissance takes no position with respect to same, as any delay in submitting its position statement to the mediator affects only that party.

---

[2] While Aquent acquired Renaissance in 2001, Renaissance remains a viable corporation, distinct from Aquent, and remains the property party-in-interest.

WHEREFORE, the Defendant's Motion to Compel should be denied.

Respectfully submitted,
RENAISSANCE WORLDWIDE, INC.

By its attorneys,
Cohn & Dussi, LLC,

Date: 10/27/04

Lewis J. Cohn, Esq. BBO#553803
Michael H. Theodore, Esq., BBO#565098
25 Burlington Mall Rd, 6th Floor
Burlington, MA 01803
(781) 494-0200

## CERTIFICATE OF SERVICE

I, Michael H. Theodore, certify that on this 27th day of October, 2004, I served upon counsel of record, by fax a true and accurate copy of the foregoing Opposition.